# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 11, 2010

No. 09-30539
Summary Calendar

Charles R. Fulbruge III
Clerk

DAVID E. KATES,

Petitioner-Appellant

v.

JOE KEFFER, Warden, United States Penitentiary,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:09-CV-401

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

David E. Kates, federal prisoner # 30428-077, is serving a 360-month sentence for possession with intent to distribute cocaine base. This court affirmed Kates's conviction and sentence. *United States v. Kates*, 174 F.3d 580, 581-84 (5th Cir. 1999). Kates filed a petition for habeas corpus relief under 28 U.S.C. § 2241 asserting that the Government had violated the prohibition against double jeopardy by using his prior convictions to enhance the penalty for the instant offense and that he was actually innocent of being a career offender.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court determined that Kates could not proceed under § 2241 because his claims did not satisfy the requirements of the "savings clause" of 28 U.S.C. § 2255(e) and dismissed the § 2241 petition.

If a prisoner can demonstrate that the § 2255 remedy would be "'inadequate or ineffective to test the legality of [the prisoner's] detention,'" he may be permitted to bring a habeas corpus claim pursuant to § 2241 under the "savings clause." *See Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001) (quoting § 2255). "[T]he savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Id.* at 904. Kates has not shown, that he is entitled to proceed under § 2241 based on the savings clause of § 2255(e). The judgment of the district court is AFFIRMED.